UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Veale et al

                    v.                                    Civil No. 10-cv-147-JL

Furness et al

O R D E R

The plaintiffs have filed a notice of interlocutory appeal (doc. no. 115) of the Distict Court's order denying their request for counsel in a civil case.   To the extent that notice can be construed as a request for permission to take an interlocutory appeal pursuant to 28 U.S.C. 1292(b), the court declines to find that the issue on appeal presents a controlling question of law as to which there is a substantial ground for difference of opinion or that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The plaintiffs have also filed a motion to proceed on appeal in forma pauperis ("IFP") (doc. no. 116). Pursuant to 28 USC 1915(a)(3), the court may deny an IFP request to take an appeal if it finds the appeal is "not taken in good faith."   This has been construed as allowing the court to deny an IFP motion if the appeal is frivolous.   See Acosta Abreu v. United States, 308 F.2d 248 (1st Cir. 1962), cert. denied, 372 U.S. 918 (1963).   This court finds this appeal to be frivolous for two reasons.   First, a denial of a request for counsel in a civil case is not a matter that can be appealed as of right on an interlocutory basis under 28 U.S.C. 1292(a) and clearly does not qualify as an issue that satisfies the standard for approving a discretionary interlocutory appeal under 1292(b)(issue presents a controlling question of law as to which there is a substantial ground for difference of opinion and immediate appeal from the order may materially advance the ultimate termination of the litigation).   Second, case law is clear that a pro se person in a civil case has no right to court appointed counsel.   Thus, the motion to proceed on appeal IFP is denied.

SO ORDERED.

December 2, 2011

Joseph N. Laplante
Chief Judge

cc:     All counsel
         David Veale, Pro se
         Scott Veale, Pro se